**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

SUNCOAST CREDIT UNION,

Plaintiff,

v. Case No. 8:26-cv-1990-KKM-AEP

LARRY GREEN,

Defendant.

---

**ORDER**

Defendant Larry Green removed this action from Florida state court. Notice of Removal (Doc. 1). Because Green's notice of removal does not assert any basis for subject-matter jurisdiction, I ordered Green to show cause why this action should not be remanded for lack of subject-matter jurisdiction. O.S.C. (Doc. 4). Green did not respond.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject-matter jurisdiction, regardless of whether the parties have challenged its existence. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). When a defendant removes an action from state court to federal court, the defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "The absence of factual allegations

pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 (11th Cir. 2007).

Here, Green's notice of removal does not list any basis for subject-matter jurisdiction. It merely explains that Green is making a "special appearance before this court under the supplemental rules of Admiralty . . . without granting jurisdiction" and that he is removing the action to federal court. *See* Notice of Removal at 1.

Nor is it clear from the complaint what basis for subject-matter jurisdiction Green attempts to invoke. Suncoast Credit Union's only claim is for $15,632.85, plus interest and attorney's fees, in unpaid debt. *See* Compl. (Doc. 1-1) ¶ 3. This claim does not satisfy the amount-in-controversy requirement for diversity jurisdiction, raise a federal question, or involve a federal officer. *See* 28 U.S.C. §§ 1441, 1442.

Because of these apparent jurisdictional defects, I ordered Green to show cause why this action should not be remanded to state court. *See* O.S.C. Green did not respond. Instead, he filed a document entitled "Notice of Intent—Fee Schedule" that does not address jurisdiction. *See* Suppl. (Doc. 5-1).

Green has not carried his burden of showing that subject-matter jurisdiction is proper. Remand is therefore warranted. *See* 28 U.S.C. § 1447(c).

Accordingly, the following is **ORDERED**:

1. The Clerk is directed to **REMAND** this action to the County Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and to transmit a certified copy of this order to the clerk of that court.

2. The Clerk is further directed to **TERMINATE** any pending motions and deadlines and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, September 29, 2026.

Kathryn Kimball Mizelle
United States District Judge